United States District Court
District of Massachusetts

```
                                      )
Islam Faisal Muhammad Ibrahim         )
Abdelrasoul,                          )
                                      )
        Plaintiff,                    )
                                      )   Civil Action No.
        v.                            )   24-10988-NMG
                                      )
Trustees of Boston University         )
                                      )
        Defendant.                    )
                                      )
```

MEMORANDUM & ORDER

**GORTON, J.**

Pro se plaintiff Islam Faisal M.I. Abdelrasoul ("plaintiff") seeks a preliminary injunction to restrain defendant Trustees of Boston University ("BU" or "defendant") from refusing to offer him a housing accommodation for his disability or from failing to renew his graduate residence lease agreement (Docket No. 3).¹ That motion will be denied.

**I. Background**

   **A. Facts**

   Plaintiff has filed a 13-count complaint alleging, among other things, that defendant discriminated against him under the

---

¹ Plaintiff's preceding motion for a temporary restraining order was denied, at least in part, because he did not certify that he gave notice to defendant or that such notice would have been irreparably harmful (Docket No. 7).

- 1 -

Fair Housing Act, retaliated against him after he threatened to report the University to the City of Boston and intentionally inflicted upon him emotional distress.  Plaintiff has since moved to dismiss two counts voluntarily: his claim for retaliation and his claim for breach of contract, both of which were filed on behalf of his brother.

According to the complaint, plaintiff is a Ph.D. student at BU who resides in graduate student housing.  In April, 2023, plaintiff submitted to BU a housing disability accommodation letter in which he requested to move from a studio apartment to a one-bedroom apartment for the following academic year.[2]  He attached a letter from a clinical psychologist that stated that his mental health would benefit from the move.  BU denied the request and plaintiff remained in the same studio unit for the 2023-24 academic year.

Nearly a full year later in February, 2024, BU Housing Services notified plaintiff that it had received a notice of inspection from the City of Boston and requested that he sign and return a consent form for the inspection.  The form includes a confirmation that BU can enter the residence even if the tenant is not present when the city inspector arrives.

---

[2] According to BU, plaintiff repeatedly requested to move from a studio to a one-bedroom apartment between June, 2022 and February, 2023.  It was not until April, 2023 that he changed his approach and attached a letter from a clinician.

Recipients were informed of their right to be present during the inspection. In its email to plaintiff, BU explained that a resident's failure to fill out the form could result in a violation of his or her residence license agreement.

On March 5, 2024, plaintiff responded to the BU Housing Services email by questioning the wording of the consent form. He described the form's warning as a "threat[]" and asserted that BU had been engaging in "a lot of unfair practices towards the students since they took over graduate housing". He suggested that the form violated policies of the City of Boston, stated that he would not be "coerce[d]" into signing the form and threatened to report BU to the City.

On March 11, 2024, plaintiff reported to BU Graduate Housing that he could not access his lease renewal agreement online when he tried to renew his lease for the 2024-25 academic year. BU Graduate Housing responded that he could not renew his lease because of his non-compliance with section 32 of his graduate residence license agreement, i.e. failure to provide a completed inspection consent form. The relevant portion of section 32 reads:

> The City of Boston Inspectional Services and University have the right to enter for routine inspections of the Premises. Licensee cannot refuse entry for Inspectional Services to conduct these routine inspections during stipulated dates and times which will be provided with reasonable notice.

In that same email thread, BU confirmed that it would not accommodate plaintiff's April, 2023 disability accommodation request. Although plaintiff attempted to submit a signed inspection consent form the following day, BU persisted in declining to renew his residence agreement.

**B. Procedural History**

Plaintiff filed the pending action on April 17, 2024, roughly three weeks after the Director of BU Housing confirmed the decision not to renew his lease. BU has informed the Court that plaintiff filed a nearly identical complaint and motion for a temporary restraining order and preliminary injunction in the Massachusetts Housing Court on April 9, 2024.

After denying plaintiff's motion for a temporary restraining order, this Court scheduled a hearing on his motion for preliminary injunction for April 25, 2024, which was continued by leave of Court, until to May 3, 2024. At that hearing, defendant alerted this Court that, although the Massachusetts Housing Court had held a hearing that same day on plaintiff's parallel motion for preliminary injunction, the state judge had scheduled a subsequent hearing for late June, 2024, and informed the parties that he would defer to this Court's ruling.

## II. <u>Analysis</u>

### A. Legal Standard

When seeking a preliminary injunction, a plaintiff must establish 1) likelihood of success on the merits, 2) likelihood of irreparable harm in the absence of preliminary relief, 3) that the balance of equities weighs in his favor and 4) that injunction is in the interest of the public. <u>Winter</u> v. <u>NRDC</u>, 555 U.S. 7, 20 (2008).  The first two factors are the most important. <u>Together Emps.</u> v. <u>Mass Gen. Brigham Inc.</u>, 32 F.4th 82, 85 (1st Cir. 2022).

### B. Application

Plaintiff has failed to establish that a preliminary injunction is warranted in this case.

#### i. Likelihood of Success on the Merits

First, plaintiff has not established a likelihood of success on the merits.  Count I of the complaint alleges that BU failed to make a reasonable accommodation pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601-3631.  Even if plaintiff could establish that he has a qualifying handicap because his mental impairment "<u>substantially</u> limits one or more of [his] major life activities," 42 U.S.C. § 3602(h) (emphasis added), he is unlikely to establish that his accommodation request was reasonable and necessary, see <u>Summers</u> v. <u>City of Fitchburg</u>, 940

F.3d 133, 139 (1st Cir. 2019).  Plaintiff does not explain why a one-bedroom apartment rather than a studio apartment was necessary to ensure he had equal opportunity to use and enjoy his housing.

Plaintiff's retaliation claims fare no better.  To succeed on his federal retaliation claim, plaintiff must show a causal link between his protected activity and the defendant's adverse action. McCall v. Montgomery Hous. Auth., 2022 WL 683081, at *3 (11th Cir. Mar. 8, 2022).

Plaintiff alleges that BU refused to renew his lease agreement because he 1) requested an accommodation in April, 2023, and 2) notified BU that he planned to report its improper inspection request to the City of Boston.  Contrary to plaintiff's assertions, however, a review of the record suggests that BU declined to renew his lease because he refused to sign the aforementioned inspection form.  BU risked incurring fines and penalties if it failed to collect the signed inspection form.

Plaintiff's retaliation claim brought pursuant to Mass. Gen. Laws ch. 186, § 18 is similarly unlikely to succeed.  Even though there is strong presumption that landlord actions such as this one are retaliatory unless rebutted by clear and convincing evidence, see South Boston Elderly Residences, Inc. v. Moynahan,

91 Mass. App. Ct. 455, 468 (2017), BU is likely to overcome that presumption because of its purported independent justification for its decision not to renew plaintiff's lease (his refusal to sign a required inspection consent form).  Furthermore, it is not clear that plaintiff actually engaged in protected activity as defined by the statute.

Plaintiff has also made claims for negligence and intentional infliction of emotional distress but has proffered no argument as to the likelihood of success on the merits of such claims in his pleadings or at oral argument.  The Court accordingly declines to consider them.

### ii. Irreparable Harm

Plaintiff, alternatively, has failed to show that he will suffer irreparable harm in the absence of an injunction.  When asked why monetary damages would not make him whole at the motion hearing, plaintiff relied upon the presumption of such harm for claims pursuant to civil right statutes, i.e. the Fair Housing Act.

While some courts have historically presumed irreparable harm in housing and civil rights cases, courts have recently called into question that presumption in light of the Supreme Court's decision in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), which emphasized that courts should not presume

irreparable harm unless Congress clearly indicates that a departure from the "long tradition of equity practice" is warranted. Id. at 391-92 (citation omitted); see, e.g., Ariz. Recovery Hous. Ass'n v. Ariz. Dep't of Health Servs., 462 F. Supp. 3d 990, 998 (D. Ariz. 2020) (finding, post-eBay, that the injunction-authorizing provision of the Federal Housing Act does not mandate presumption).  For its part, the First Circuit has "consistently emphasized the importance of a showing of irreparable harm in the calculus of injunctive relief." EEOC v. Astra USA, Inc., 94 F.3d 738, 743 (1st Cir. 1996); see also Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2002) ("Irreparable harm is an essential prerequisite for a grant of injunctive relief.").  While the Federal Housing Act permits private persons to seek injunctive relief, it does not mandate a presumption of irreparable harm. See 42 U.S.C. § 3613(c)(1).

Even if the Court were to presume irreparable harm that presumption may be rebutted.  Here, plaintiff asks the Court to presume irreparable harm without further ado, but the Court declines to do so for a few reasons.

First, plaintiff's decision to file this lawsuit three weeks after BU Housing confirmed that it would not let him renew his lease undermines his claim that he faces imminent and

irreparable harm in the absence of injunctive relief. If the harm plaintiff faced was imminent, he would have filed this lawsuit immediately after BU Housing confirmed its decision rather than waiting for three weeks.[3]

Second, BU has declared that plaintiff may remain in his current residence until his lease expires in July, 2024 even though he has purportedly violated his lease agreement multiple times. That decision similarly undermines plaintiff's claim of imminent harm.

Finally, as alluded to earlier, plaintiff has provided no reason why he cannot rent off-campus housing during the pendency of this case or why reimbursement for such housing would not make him whole if he prevails. See Corp. Techs., Inc. v. Harnett, 943 F. Supp. 2d 233, 242 (D. Mass. 2013), aff'd, 731 F.3d 6 (1st Cir. 2013).

### iii. Balance of Harms and Public Interest

Neither party has addressed the balancing of harms or the interest of the public so the Court declines to consider them.

---

[3] The fact that plaintiff was traveling internationally for some portion of that time does not alter the calculus.

**ORDER**

For the foregoing reasons, plaintiff's motion for preliminary injunction (Docket No. 3) is **DENIED**.

**So ordered.**

>/s/ Nathaniel M. Gorton
>Nathaniel M. Gorton
>United States District Judge

Dated: May 10, 2024