United States District Court
District of Massachusetts

```
_____
                                 )
Islam Faisal Muhammad Ibrahim    )
Abdelrasoul,                     )
                                 )
          Plaintiff,             )
                                 )    Civil Action No.
     v.                          )    24-10988-NMG
                                 )
Trustees of Boston University,   )
                                 )
          Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Islam Abdelrasoul ("Abdelrasoul" or "plaintiff") moves for reconsideration of this Court's order (Docket No. 86) which allowed, in part, and denied, in part, the motion to dismiss of defendant Trustees of Boston University ("BU" or "defendant"). The Court had dismissed Abdelrasoul's discrimination claims for failing to allege facts sufficient to establish his "qualifying handicap" under federal and state law.

Abelrasoul now asserts that the Court committed clear error in dismissing his claims by overlooking exhibits which, when incorporated into his complaint, are sufficient to plead a claim of housing discrimination. For the reasons that follow, the Court disagrees, but will allow plaintiff one final chance to seek to amend his complaint.

- 1 -

## I. **Background**

The factual and procedural history of this case is set forth in detail in this Court's prior orders (Docket Nos. 42, 86). As relevant here, the complaint alleges that, in April, 2023, Abdelrasoul submitted a disability accommodation request to BU's Housing Services office ("Housing Services"), asking to be moved from a studio apartment to a one-bedroom apartment. In support of his request, he attached a letter from his psychologist ("the Letter") which confirmed Abdelrasoul's disability and declared that his mental health would benefit from the requested reassignment. Housing Services denied the request and Abdelrasoul remained in the same studio unit for the following academic year.

In February, 2024, Abdelrasoul contested the legality of a form that Housing Services insisted he sign to remain in compliance with his residence agreement. In a series of emails, Housing Services informed Abdelrasoul that he could not renew his lease without signing the form and added that the university was still unable to accommodate his prior accommodation request. Abdelrasoul ultimately signed the form and attempted to submit his signed inspection consent form but BU persisted in declining to renew his residence agreement.

In April, 2024, Abdelrasoul filed his original complaint, alleging, inter alia, that BU had discriminated against him due to his disability and retaliated against him for requesting a disability accommodation. He simultaneously filed an emergency motion for an ex parte temporary restraining order and preliminary injunction, both of which this Court denied. After further litigation regarding his request for injunctive relief, Abdelrasoul filed an amended 20-count complaint and BU moved to dismiss.

Abdelrasoul disputed the dismissal of only four claims: Refusal to Make Reasonable Accommodation (Counts 11), Denying a Dwelling to Renter Because of a Disability (Count 12), Discrimination in the Terms, Conditions, and Privileges of Rental of a Dwelling (Count 13) and Discriminatory Retaliation by Refusing Rental Renewal (Count 14).

This Court concluded that the complaint alleged facts sufficient to state a claim only as to retaliation. Counts 11, 12 and 13, all alleging various forms of housing discrimination, failed to establish Abdelrasoul's "qualifying handicap" or how his requested accommodation was "reasonable and necessary to allow equal opportunity for use and enjoyment of" student housing. Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev., 620 F.3d 62, 67 (1st Cir. 2010).

Abdelrasoul initially asserted, both in his amended complaint and in his opposition to the motion to dismiss, that the Letter from his psychologist firmly established his disability. It stated, in relevant part,

> [plaintiff's] condition meets the definition of disability under the [ADA], the [FHA], and the Rehabilitation Act of 1973. Living in a studio apartment with a roommate has been detrimental to his mental health condition and academic functioning.

This Court determined that the psychologist's vague and conclusory statements were not sufficiently detailed, standing alone, to allege a qualifying disability.

Abdelrasoul now moves for the Court to reconsider that conclusion, insisting that the Court overlooked documents which allege both his disability and the justification for his proposed accommodation.

## II. Legal Standard

A court may grant reconsideration under Fed. R. Civ. P. 59 only if the movant demonstrates that an intervening change in controlling law, a clear legal error or newly discovered evidence warrants modification of the judgment. See In re Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014). A party cannot use a motion for reconsideration to "rehash arguments previously rejected or to raise ones that" could or should have been made before a judgment was entered. Soto-Padro

v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012). Mere disagreement with a judicial decision is not an adequate basis for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 Fed. App'x 851, 852-53 (1st Cir. 2006).

Although a court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration, Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008), the Supreme Court has cautioned that

> courts should be loath to reconsider orders in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)) (internal quotation marks omitted).

### III. Application

In his motion for reconsideration, Abdelrasoul now abandons his position that the Letter alone is sufficient to establish his handicap. Instead, he argues, the Court ignored other relevant documents, namely, 1) an addendum to the Letter from his psychologist ("the Addendum"), 2) an affidavit signed by Abdelrasoul in July, 2024 ("the Affidavit"), and 3) an exchange of emails with Housing Services regarding his accommodation request ("the Emails") (collectively, "the documents"). He attached the Addendum as an exhibit to his amended complaint and

the latter two as exhibits to a separate motion, filed one month after he filed his amended complaint, challenging the order denying injunctive relief.

Abdelrasoul's claim of error is unfounded.

As a preliminary matter, only the Affidavit and Emails furnish additional detail that might have saved plaintiff's claims. The Addendum does not provide any new insights into Abdelrasoul's disability (other than that it is vaguely related to his "mental health") or the reasons for his requested accommodation (other than that his disability led to "functional limitations"). Notwithstanding the potential relevance of the Affidavit and Emails, the Court was bound to disregard them. Neither was among the materials the Court was permitted review when evaluating the motion to dismiss, i.e., the complaint, documents attached to the complaint or incorporated by reference and facts susceptible to judicial notice. See Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

Plaintiff contends that he incorporated the documents into his amended complaint by noting, in a single paragraph, that he "can" file by leave of Court under seal his "exact diagnosis and exact details of his mental health conditions." Nevertheless, he declined to furnish the Court with those details in the complaint itself and did not seek leave of Court to provide

those details under seal. Only after more than a month had elapsed did Abdelrasoul file a motion for leave to file a packet of sealed documents which included the Affidavit and Emails. Yet, as he told the Court, those documents constituted exhibits to his motion for reconsideration. He made no mention of their relevance to his amended complaint.

If plaintiff believed those documents were central to his claims, it was his responsibility to make that assessment and incorporate them into his complaint without prodding from the Court. See MSP Recovery Claims Series 44, LLC v. Hanover Ins. Co., No. 22-40087-FDS, 2024 WL 4252686, at *8 (D. Mass. Sept. 20, 2024) ("[I]t is up to plaintiff, not the Court, to formulate [his] claims."). Obliquely offering to provide them upon request is no substitute. A plaintiff is the "master" of his complaint. Rhode Island v. Shell Oil Prods. Co., 35 F.4th 44, 51 (1st Cir. 2022). He cannot shift that burden to the Court by sitting back and waiting to be solicited for relevant facts. See N. Ins. Co. of N.Y. v. Albin Mfg., Inc., No. 06-190-S, 2008 WL 2019365, at *1 (D.R.I. May 9, 2008) ("It is not this Court's job to beg [plaintiff] for more information.").

The Court had already put Abdelrasoul on notice, in its order denying injunctive relief, that his original complaint did not provide sufficient detail regarding his handicap. He did

not heed that warning when drafting his amended complaint. BU's motion to dismiss later put him on notice that the reviewability of the Affidavit and Emails was in dispute. It contended that those documents were "not alleged in [the] amended complaint, and therefore should not be considered by this Court on a motion to dismiss." Docket No. 69 at 8 n.5. Abdelrasoul again did not heed the warning. He did not attach as exhibits, or even mention, the documents in his opposition memorandum.[1] Instead, plaintiff cited only the Letter from his psychologist as support for his discrimination claims. Ironically, he now criticizes the Court for doing precisely what he urged it to do, i.e., rely exclusively on the Letter to evaluate the sufficiency of his claims.

This Session, like other sessions of this Court, sees no error in disregarding documents which plaintiff failed to incorporate into either his complaint or opposition to the motion to dismiss. See, e.g., Bixby v. Town of Rehobeth, No. 23-10334-JGD, 2024 WL 3430501, at *9 n.12 (D. Mass. Mar. 22, 2024);

---

[1] Had plaintiff incorporated the documents into his opposition memorandum, the Court could have evaluated them notwithstanding their omission from the amended complaint. See, e.g., Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (opting to consider public court records attached to plaintiff's response in opposition to the motion to dismiss); Romani v. Shearson Lehman Hutton, 929 F.2d 875 879 n.3 (1st Cir. 1991) (same for documents submitted by defendant with its motion to dismiss); Scott-Everett v. PHH Mortgage LLC, 2024 WL 923529, at *2 n.3 (D. Mass. Mar. 4, 2024) (same for mortgages submitted by parties with motion to dismiss and plaintiff's response).

Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 103 n.10 (D. Mass. 2001). The Court's obligation to review pro se pleadings "indulgently" is not a license for pro se plaintiffs to ignore the Federal Rules of Civil Procedure. Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (quoting Faretta v. California, 422 U.S. 806, 835 n.46 (1975)). Nor is it a reason to expect the Court to serve as editor for pro se pleadings. See Am. Steel Erectors, Inc. v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 536 F.3d 68, 83 (1st Cir. 2008) ("[I]f [p]laintiffs cannot sort out their allegations and develop their arguments sufficiently, it is not for [the court] to do so for them.").

As such, there is no intervening change in controlling law, clear legal error or newly discovered evidence that warrants modification of the judgment.

- 10 -

## ORDER

For the foregoing reasons, plaintiff's motion for reconsideration (Docket No. 87) is **DENIED**. If plaintiff chooses to file a second amended complaint, he is required to submit to the Court a motion for leave to file (which will be subject to opposition by defendant) before noon on Thursday, July 31, 2025.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: July 16, 2025